# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA,**                                    **CIVIL ACTION**
**ex rel. MICHAEL KRESS**

**VERSUS**                                                       **NO. 12-2380**

**MASONRY SOLUTIONS**
**INTERNATIONAL, INC.**                                          **SECTION "K"(1)**

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss Pursuant to FRCP 4(m) (R. Doc. 15).

Defendant, Masonry Solutions International, Inc. ("MSI"), seeks dismissal of claims made by

plaintiff, Michael Kress, for failure to serve the Complaint upon the defendant within 120 days

as required by Rule 4(m) of the Federal Rules of Civil Procedure.  Prior to defendant's filing,

Kress submitted an Opposition to dismissal based on non-compliance with Rule 4(m) (R. Doc.

12) in response to the Call Docket issued by this Court on February 13, 2014; Kress submitted an

Opposition to Defendant's Motion to Dismiss (R. Doc. 16) advancing substantially the same

arguments set forth in his prior filing.  Having reviewed the pleadings, memoranda, and relevant

law, the Court, for the reasons assigned, DENIES Defendant's motion.

## I.      BACKGROUND

Plaintiff, Michael Kress, is an ex-employee of MSI.  Compl. ¶ 5, R. Doc. 1, 2.  Kress

brings this qui tam action under the False Claims Act for violations under 31 U.S.C. §§ 3729, *et

seq.*, on his own behalf and, originally, on behalf of the Government pursuant to 31 U.S.C. §

3730(b).  *Id.* at ¶ 6.  Kress alleges, *inter alia*, that MSI violated the False Claims Act by

knowingly presenting or causing various contractors to present a false or fraudulent claim for

payment and approval, grossly overbilling the United States Army Corps of Engineers and

fraudulently packaging foreign materials with a domestic label.  *Id.* at ¶ 39.

Kress contends that the United States Army Corps of Engineers (USACE) contracted with a private company, MSI, to develop specifications for pumping stations and reinforcing the masonry walls of such stations. *Id.* at ¶¶ 15-18. Kress alleges that specifications agreed upon allowed MSI to become the sole provider capable of meeting the specifications now required by the USACE. The specifications included installment of stainless steel spiral wall ties and injectable steel anchor rods. *Id.*

This contract, Kress asserts, implicates the Buy American Act, providing a preference for domestic construction material. To comply with the Buy American Act and Free Trade Agreements Act, Kress alleges that MSI repackaged and relabeled spiral ties with labels indicating that they were purchased from a company named "Gruen Stark" and that they were made in the USA. *Id.* at ¶ 19. However, Kress states that the USACE Contracting Officer determined that the WTO GPA and Free Trade Agreements Act apply to this acquisition, thus waiving the Buy American Act requirements for designated country materials. *Id.* at ¶ 18. Kress does not make any allegations as to the validity of the USACE Contracting Officer's determination that an exemption to the Buyer American and Free Trade Agreement Acts applies.

Kress nevertheless believes that no "Gruen Stark" company exists and that the spirals, originally shipped from London, actually were manufactured in China. *Id.* at ¶¶ 20-29. Kress also believes the injectable steel was purchased or manufactured in China—which is not an approved country under the Buy American Act and Free Trade Agreements Act—and then prepared at MSI's home office location in Maryland. *Id.* Kress thus alleges that the Government has incurred gross overbilling, stating that MSI paid only $3.68 per spiral tie while charging the Government $127.59 per tie. *Id.* at ¶ 28.

**II.    PROCEDURAL HISTORY**

2

Kress filed the Complaint on September 26, 2012 under seal.  Kress's Complaint was served on the U.S. Attorney's officer on September 26, 2012 and was served on the Attorney General on October 9, 2012.  The U.S. Attorney's filed a motion to extend the seal to February 6, 2013, which was granted.  R. Docs. 2, 3.  The U.S. Attorney filed a second motion for extension, noting that had it known of the full scope of investigation required it would have requested more time, and requested that the seal be extended to May 7, 2013.  R. Doc. 4, at 5.  This motion was also granted, specifying that the complaint and all other filings should remain under seal until the United States notices its election.  R. Doc. 5, at 1.

On May 7, 2013, the United States declined to intervene in the matter.  Notice of Election to Decline Intervention, R. Doc. 6.  Thereafter, this Court unsealed the matter and ordered that the relator serve the unsealed complaint upon the defendant, and that the relator serve the instant Order and the Government's Notice of Election to Decline Intervention upon the defendant only after serving the Complaint.  Order, May 3, 2013, R. Doc. 7.  This Court also ordered that all pleadings and motions be served upon the United States as provided in 31 U.S.C. § 3730(c)(3). *Id.*

After no action in the case, this Court called the docket on February 13, 2014, as MSI had not been served.  Order, Feb. 13, 2014, R. Doc. 8.  Twelve days later, Kress served MSI on February 25, 2014.  The following day, on February 26, 2014, Kress filed a Memorandum in Opposition to Dismissal for failure to serve the complaint within 120 days under Rule 4(m).  Mem. Opp. Dismissal, R. Doc. 12.  Defendant MSI initially filed an ex parte consent motion for extension of time to answer the complaint, R. Doc. 13, which was granted, then filed a Motion to Dismiss pursuant to Rule 4(m) on March 31, 2014, R. Doc. 15.

In his Memorandum in Opposition of Dismissal, Kress contends that though the matter was unsealed on May 8, 2013 and this Court ordered Relator to serve the Complaint on defendant, counsel for Kress asserts that he was not served with that Order.  R. Doc. 12, 3. Kress's counsel states: "The clerk's office confirmed that an apparent oversight was made in not serving the Court's Order." Mem. Opp. Dismissal, R. Doc. 12, 3 n.1.  MSI responds to plaintiff's contention that he was not notified of the Order unsealing the suit by stating simply that "Plaintiff should have been more curious regarding the fate of his lawsuit." Mem. Supp. Mot. Dismiss, Rec. Doc. 15, 2.

### III.    LAW & ANALYSIS

Under the False Claims Act, 31 U.S.C. § 3730(2), the relator or plaintiff must comply with the following procedure to initiate its legal action:

> **(2)** A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. ***The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders***. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

Once the Government has notified the Court of its decision regarding intervention, the relator-plaintiff must serve the defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure:

> The defendant shall not be required to respond to any complaint filed under this section until 20 days after the ***complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure***.

31 U.S.C.A. § 3730(3) (emphasis added).  Rule 4(m) provides:

> **(m) Time Limit for Service.** If a defendant is not served within
> 120 days after the complaint is filed, ***the court***--on motion or on its
> own after notice to the plaintiff--***must dismiss the action without
> prejudice against that defendant or order that service be made
> within a specified time***. ***But if the plaintiff shows good cause for
> the failure, the court must extend the time for service for an
> appropriate period.*** This subdivision (m) does not apply to service
> in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m) (emphasis added).

In the instant matter, Plaintiff-Relator Michael Kress served the Complaint upon the defendant on February 25, 2014, approximately 293 days (approximately 9 months) after the Complaint was unsealed.  By the letter of the law, Kress was 173 days (approximately 6 months) late in serving the Complaint, and the Court must either dismiss the action without prejudice, or, if Kress establishes good cause for the failure, extend the time for service.  However, "[e]ven if the plaintiff lacks good cause, the court has discretionary power to extend the time for service." *Millan v. USAA Gen. Indem. Co.,* 546 F.3d 321, 325 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

The serving party has the burden of proof in establishing good cause for failure to effect timely service.  *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).  Proving good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."  *Id.* (citation and internal quotation marks omitted).  In addition, "some 'showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.'" *Id.*  (citation omitted).  Further, it is "irrelevant that the defendant not served within the 120–day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days." *Newby v. Enron Corp.,* 284 F. App'x 146, 149 (5th Cir. 2008).

Despite the fact that Kress has already served MSI, the issue in this matter is whether Kress had good cause for the failure to serve MSI within the 120 day period after unsealing of the Complaint.  Kress contends that he did not receive notice of the Order issued by this Court unsealing the Complaint and requiring him to serve the defendant with the Complaint.  A review of the Court's records reveal that no electronic notice was sent to Kress's counsel as the Order itself was marked as sealed.  Thus, there was a clerical error in serving the Order on Kress either electronically or by regular mail.  Kress also notes, as the record indicates, that he served the Defendant 12 days after receiving notice of his failure to file from the Call Docket issued on February 13, 2014.

Based on a likely clerical error and Kress's diligence in serving upon receiving the Call Docket, it appears that Kress acted in good faith and has provided a reasonable basis for non-compliance.  While clerical errors on the part of an attorney or his staff have not been considered "excusable neglect," these circumstances present a unique situation.  *See H.L. Smith, Inc. v. Allied Chemical Corp*, 564 F.Supp. 377, 378 (M.D.La. June 8, 1983).  Indeed, excusable neglect calls for those "circumstances that are unique or extraordinary."  *Id.* citing *Chipser v. Kohlmeyer & Co.*, 600 F.2d 1061 (5th Cir. 1979).

The clerical mistake on behalf of the clerk's office of the Court prevented Kress from complying with time limitations imposed by Rule 4(m). Thus, Kress's failure to file falls within the scope of excusable neglect and would have likely warrant an extension of time.  In addition, the delay is not likely to prejudice the Defendant. Though the Defendant was unaware of this matter under served in February of this year, this matter presents a unique circumstance regarding delay.  Due to the nature of the Qui Tam action, Defendant will remain unaware of the existence of the suit (and therefore be somewhat disadvantaged in preparation of a defense) until

the government makes its election of intervention.  Though the government and Kress both delayed in involving the Defendant, the Defendant has not stated any specific prejudice in its defense.  On the contrary, Kress notes in his memorandum that MSI is involved in similar litigation in the United States Eastern District Court involving a private company.  Mem. Opp. Def.'s Mot. Dismiss, R. Doc. 16, 5.

In sum, because Kress has already served the Complaint and appears to have shown good cause for failure to do so within 120 days, the Court does not find merit in Defendant's motion.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Pursuant to Rule 4(m) (R. Doc. 15) is **DENIED**.

New Orleans, Louisiana, this  _12th_  day of May, 2014.


_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**

7