UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex. rel., MICHAEL KRESS | CIVIL ACTION |
| VERSUS | NO. 12-2380-SRD-SS |
| MASONRY SOLUTIONS<br>INTERNATIONAL, INC. | |

ORDER

RELATOR'S MOTION TO COMPEL (Rec. doc. 29)

**GRANTED IN PART AND DENIED IN PART**

The relator, Michael Kress, filed a *qui tam* action on behalf of the U.S. on September 26, 2012. It was alleged that: (1) defendant, Masonry Solutions, Inc. ("MSI"), violated the False Claims Act by providing stainless steel spiral wall ties for projects for the Corps of Engineers; (2) in order to appear to comply with the Buy American Act and Free Trade Agreements Act, MSI relabeled the ties into boxes indicating they were purchased from "Gruen Stark;" (3) a type of grout material used by MSI on these projects was similarly labeled; and (4) the ties were manufactured in China. There are similar allegations for other steel materials. Rec. doc. 1.

On May 7, 2013, the U.S. declined to intervene. Both parties speculate as to why the U.S. chose not to intervene. Rec. doc. 29 (Memorandum at 2) and Rec. doc. 35 at 2. These comments on what counsel for the parties were or were not told by counsel for the U.S. and what they believe as to why the U.S. did not intervene are entirely inappropriate.

Kress is incarcerated in the Baltimore County Correctional Facility. MSI reports that he recently pled guilty to one count of second degree burglary and one count of issuing an arson threat. His probation was revoked for a prior felony theft condition.

MSI's motion to dismiss pursuant to Fed. R. Civ. P. 4(m) was denied. Rec. doc. 17. A pretrial conference is set for March 17, 2015, and the trial is set for April 6, 2015. Rec. doc. 20.

MSI sought a protective order prohibiting Kress from proceeding with discovery until he was released from prison to give a deposition in New Orleans. MSI argued that there is no jurisdiction if Kress is not the original source of the information in his complaint. If MSI was required to respond to discovery, it would be impossible to separate Kress' direct and independent knowledge from information gained reviewing MSI's discovery responses. Rec. doc. 21. On July 31, 2014, the motion was denied. MSI's protective order could not be granted without continuing the trial. MSI did not demonstrate why it could not take Kress' deposition at the Baltimore prison or by telephone with pre-marked exhibits. Rec. doc. 28.

MSI reports that the deposition was scheduled for September 16, 2014 in Baltimore, but Kress refused to proceed until MSI responded to discovery. MSI canceled the deposition. It does not explain why it did not seek relief from the Court to require the deposition to proceed.

MSI states that because of its counsel's "busy trial schedule," it was unable to respond to Kress' discovery until November 11, 2014. It objected that the discovery sought information beyond Kress' knowledge. Because Kress was employed as a technician, he would not have any access to or be an original source of any information regarding buying, sourcing, or pricing materials or work. Rec. doc. 29 (Exhibit). In its December 1, 2014 opposition, MSI states that,

> Undersigned counsel still objects to providing further Answers to Interrogatories and Responses to Request for Documents until opposing counsel allows his client to be deposed to determine what knowledge Kress has. Based on the prior order of this court, undersigned counsel is ready and willing to travel to Baltimore and depose Kress where he is incarcerated.

Rec. doc. 35 at 4.

On November 22, 2014, Kress filed his motion to compel. Rec. docs. 29.

On November 24, 2014, MSI filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). MSI contends that the Kress complaint fails to comply with Rule 9(h). This motion is set for December 10, 2014 before the District Judge. Rec. doc. 32.

The discovery deadline is February 15, 2014. Rec. doc. 20. Kress' discovery cannot be delayed until after MSI deposes him. This issue was resolved against MSI when its request for a protective order was denied. Rec. doc. 28. The discovery deadline, however, cuts both ways. Kress cannot decide for himself when he will be deposed by MSI. The back and forth on this has extended for too long and will not continue.

## **KRESS' DISCOVERY**

Kress' motion to compel seeks further responses to interrogatories and requests for production ("RFPs"). The discovery requests at issue are at pages 8-12 of the memorandum in support of the motion to compel. Rec. doc. 29 (Memorandum).

MSI's objection to part (2) of Interrogatory no. 2 regarding quantity of materials delivered is overruled. It shall provide the information sought in part (2) of the interrogatory.

MSI is not required to provide a further response to Interrogatory no. 3.

MSI's objection to Interrogatory no. 4 regarding the country of origin of the materials is overruled. It shall provide the information sought in the interrogatory.

MSI's response to Interrogatory no. 5 regarding worked performed by it for the Corps of Engineers either directly or through a contractor is insufficient. It shall identify the work performed by MSI as a subcontractor on Corps of Engineer jobs.

MSI's objection to Interrogatory no. 8 concerning compliance with the Buy American Act is overruled. It shall provide the information sought in the interrogatory.

MSI's objection to Interrogatory no. 9 concerning the country of origin for the steel materials used in the spiral wall ties is overruled.  It shall identify the steel materials used in the spiral wall ties and the country of origin for such steel materials.

RFP no. 1 seeks invoices for all materials supplied to any Corps of Engineer project in Louisiana including but not limited to OSP-06 and OSP-08.  The RFP is limited to projects OSP-06 and OSP-08.  Subject to the limitation, MSI shall produce the responsive documents.

RFP no. 2 seeks all documents that form the basis of support for a denial to any request for admission served by Kress.  MSI denied the requests for admission, but did not produce any documents in response to RFP no. 2.  MSI is not required to make a further response to RFP no. 2.

MSI stated it has no documents responsive to RFP nos. 3, 4, 6, 8, 9 and 10.  No further response is required.

By **Friday, December 19, 2014**, MSI shall serve Kress with supplemental discovery responses as required above.

## DEPOSITION OF KRESS

**By the close of business on Tuesday, December 9, 2014**, counsel for Kress and MSI shall meet-and-confer by telephone.  Counsel for Kress is responsible for scheduling and initiating the telephone conference.  Counsel shall have their calendars available for the telephone conference.  They shall agree on at least three alternate dates for the deposition of Kress through Friday, January 16, 2014.  Promptly thereafter counsel for MSI shall communicate with the Baltimore Correctional Facility to schedule the deposition of Kress on one of the three dates.

The deposition may be taken by telephone with pre-marked exhibits or in person. If counsel for MSI chooses to attend in person, counsel for Kress may participate by phone. Counsel for MSI is responsible for the court reporter. Counsel for MSI shall confirm all arrangements in writing with the correctional facility.

**By the close of business on Friday, December 12, 2014**, counsel for MSI shall notify the Court in writing of the arrangements for the deposition. The Court will issue an order setting the deposition of Kress in accord with the arrangements reported by counsel for MSI.

Any appeal of this ruling shall be filed with the District Judge on or before **December 9, 2014.**

IT IS ORDERED that: (1) the motion of the relator, Michael Kress, to compel (Rec. doc. 29) is GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this 4th day of December, 2014.

_____
**SALLY SHUSHAN**
**U.S. Magistrate Judge**