UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA,
ex rel. MICHAEL KRESS                                                CIVIL ACTION

VERSUS                                                                          NO.12-2380

MASONRY SOLUTIONS
INTERNATIONAL, INC.                                                  SECTION "K"(1)

ORDER AND REASONS

Before the Court is a Motion to Review the Magistrate Judge's decision of December 4, 2014, filed by Defendant Masonry Solutions International, Inc. ("Masonry Solutions"). (R. Doc. 39). Having reviewed the pleadings, memoranda, and relevant law, the Court DENIES the motion for the following reasons.

I.      BACKGROUND

On September 26, 2012, Plaintiff Michael Kress filed a Complaint against Masonry Solutions seeking recovery on behalf of the United States from alleged false claims made by Masonry Solutions in violation of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq*. Specifically, Plaintiff alleges that Masonry Solutions, as employed by the United States Army Corps of Engineers, labeled materials purchased from a country not exempted by the Buy American Act as originating from an exempt country and over-billed the Government for such materials. (*See* Complaint, ¶¶12-28, R. Doc. 1).

On November 22, 2014, Plaintiff filed a motion to compel full discovery responses pursuant to Federal Rule of Civil Procedure Rule 26. (R. Doc. 29). On December 4, 2014, the Magistrate Judge granted in part and denied in part the motion, and provided that, by December 19, 2014, Masonry Solutions provide responses to specific interrogatories propounded by the

1

Plaintiff. (*See* R. Doc. 37). Specifically, the Magistrate Judge ordered Masonry Solutions to provide responses to interrogatories and requests for production, summarized as follows: (i) information regarding the country of origin of the materials at issue; (ii) the quantity of materials at issue; (iii) the work performed by Masonry Solutions as subcontractor; (iv) evidence of compliance with Buy American Act; (v) the country of origin for steel materials; and (vi) certain invoices limited to two separate projects. *Id.* at 3-4.

Masonry Solutions did not comply with this order and instead filed the instant motion to review the Magistrate Judge's order on December 9, 2014, alleging that, by complying with the Magistrate Judge's Order and disclosing the information requested in the interrogatories, Masonry Solutions would effectively allow the Plaintiff "to acquire knowledge which Masonry Solutions maintains he does not possess." (R. Doc. 39). Specifically, Masonry Solutions asserts that because the Plaintiff alleges Masonry Solutions has violated the Fair Claims Act ("FCA") by devising a scheme to defraud the Government, "the plaintiff is required to be the original source of such knowledge, and is required to plead such allegations with particularity pursuant to Federal Rule of Civil Procedure 9(b)." (R. Doc. 39, 1).

On July 15, 2014, Masonry Solutions filed a Motion for Protective Order seeking to avoid participating in discovery. On July 22, 2014, Relator propounded his first set of discovery requests. Relator's deposition was scheduled to take place on September 15, 2014. On August 20, 2014, Masonry Solutions provided responses to requests for admissions. Because Masonry Solutions did not respond to the remaining responses by September 2, 2014, Relator scheduled a discovery conference for September 8, 2014. Masonry Solutions argued that it did not have to provide certain responses until after the Relator was deposed. On September 8, 2014, Relator's deposition was cancelled to allow Masonry Solutions additional time to prepare discovery. On

2

November 11, 2014, Masonry Solutions provided responses, although Masonry Solutions objected to a number of discovery requests.

On November 22, 2014, Relator filed a Motion to Compel full discovery responses under Rule 26. On December 4, 2014, the Magistrate Judge granted in part and denied in part that motion, and provided that, by December 19, 2014, Masonry Solution provide responses to specific inquiries.

## II.   DISCUSSION

A Magistrate Judge's ruling on a non-dispositive motion may be appealed to the district court under Rule 72(a) of the Federal Rules of Civil Procedure.  The Magistrate Judge is given broad discretion in ruling on non-dispositive pretrial motions, such as motions to compel. *See* 28 U.S.C. § 636(b)(1)(A); *Castillo v. Frank,* 70 F.3d 382, 385 (5th Cir.1995); *Merritt v. Int'l Bhd. of Boilermakers,* 649 F.2d 1013, 1018 (5th Cir.1981).

A district court may only reverse a Magistrate Judge's ruling where the court finds the ruling to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Castillo,* 70 F.3d at 385. "This highly deferential standard requires the court to affirm the decision of the Magistrate Judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.' " *Benoit v. Nintendo of American,* 2001 WL 1524510, *1 (E.D.La.2001) (citing *United States v. United States Gypsum Co.,* 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

As stated above, in this case the Magistrate Judge granted in part and denied in part the Plaintiff's Motion to Compel.  Motions to compel discovery responses are governed by Federal Rule of Civil Procedure 37. The Rule provides that "[i]f a party fails to make a disclosure

3

required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed.R.Civ.P. 37(a)(2). Rule 26(a) provides:

> **(A)** *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: […]
> **(ii)** a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment…

Fed. R. Civ. P. 26(a)(1)(A)(ii).  Further, Rule 26(b) delineates the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.

Fed. R. Civ. P. 26(b)(1).

Masonry Solutions argues in its motion to review that because this is a *qui tam* action brought under the FCA, the Plaintiff must demonstrate that he is the "original source" of the information he alleges in his Complaint is fraudulent.  Masonry Solutions asserts that Plaintiff, in seeking this information, "is now trying to use this discovery process to either prove or disprove his presumptions." (R. Doc. 39, 11).  Masonry Solutions also filed a Motion for Judgment on the Pleadings setting forth this argument in more detail, and asserts that, if the Court allows this discovery, it should at a minimum "rule on the Judgment on the Pleadings prior to allowing Kress to obtain discovery." (R. Doc. 39, 12).

The Court finds Masonry Solutions' argument unpersuasive and circular in reasoning. The Court is hard-pressed to find a more appropriate purpose for discovery than to ascertain information that either proves or disproves the Plaintiff's allegations—indeed it is its very purpose.  Unlike discovery sought through "fishing expeditions," the information sought here is non-privileged and directly relevant and tailored to the Plaintiff's claim as iterated in his

Complaint.  The Court notes that one purpose of the heightened pleading standard for fraud under Federal Rule of Civil Procedure 9(b) is to prevent fishing expeditions.  However, Rule 9(b) works most appropriately as a "safety valve" at the *initial stage of litigation*, preventing relators from using discovery as a fishing expedition.  *See In re BP Lubricants USA Inc.,* 637 F.3d 1307, 1310 (Fed. Cir. 2011).  Here, Masonry Solutions has waited past the point where a Plaintiff may amend the Complaint to contest the validity of the Complaint and withholds discovery based on the same belief.

Whether the Plaintiff can or cannot meet the "original source" requirement of the FCA claim is a separate matter entirely, assuming it applies in this case at all.  Should the Defendant provide the information requested, the Plaintiff will no more be able to show the foundation of his knowledge prior to filing his Complaint after the Defendant makes such a disclosure than before it does so.  Moreover, any new information Masonry Solutions would provide would not affect the Court's ruling on a judgment on the pleadings as the Court looks solely to the pleading itself to determine its sufficiency, unlike, for example, a motion for summary judgment.

In sum, Masonry Solution's mere reticence to disclose the information is not an acceptable excuse for failing to disclose otherwise discoverable material.  Regardless of this Court's ruling on the judgment on the pleadings, it is clear that the Magistrate Judge's opinion is neither clearly erroneous nor contrary to law and therefore will be affirmed.

Accordingly,

**IT IS ORDERED** that Defendant Masonry Solutions' Appeal/Review of the Magistrate Judge's Order (R. Doc. 39) is **DENIED**.

New Orleans, Louisiana, this  26th  day of             January            , 2015.

 

_____

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**